99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dorothea BARAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-1090.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 1, 1996.
Decided Oct. 17, 1996.
 
 Before CUMMINGS, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Dorothea Baran appeals the Social Security Administration's denial of her application for Supplemental Security Income (SSI) benefits. We vacate the decision and remand.
 
 FACTS
 
 2
 Dorothea Baran, at that time a fifty-two-year-old female with an eighth-grade education and no significant work history, applied for SSI on January 13, 1992. She based her disability claim on both mental and physical impairments, claiming to suffer from severe depression, oesteoarthritis of the hips, back, and hands, knee pain, right carpal tunnel syndrome, and left cubital tunnel syndrome.
 
 
 3
 The Administrative Law Judge (ALJ) evaluated the reports of Baran's primary treating physician, Dr. Robert Carpenter; two social workers/therapists who treated Baran, Marietta Henry and Linda Eiserloh; a clinical psychologist who evaluated Baran, Dr. Darrell Snyder, Ph.D.; a psychiatrist requested by the Commissioner to evaluate Baran, Dr. Monte Meldman; and a reviewing physician, Dr. Bruce Donnelly. Essentially, the conclusions of Carpenter, Henry, Eiserloh, Snyder, and Meldman indicated disability, while Donnelly's did not. Baran testified that she did little to no housework and she did not do any leisure activities that she used to enjoy (including attending movies and crocheting) because her pain was too great. She did take her son to and from school, attended medical appointments, and watched TV. She testified that she was in constant pain which often prevented her from sleeping, that she was sad all the time, and that she had memory and concentration problems.
 
 
 4
 The ALJ declined to credit Baran's testimony about the amount of pain she suffered and discounted the testimony of the treating sources for several reasons. He believed that Dr. Carpenter's conclusions were neither reasoned nor documented, and that they were primarily based on Baran's subjective complaints (which he believed were exaggerated). He disregarded Meldman's ultimate conclusion as unsupported by Meldman's objective findings. He disregarded both Henry's and Eiserloh's reports as unreasoned, undocumented, conclusory, and based on Baran's subjective reporting.[1] Finally, he disregarded the majority of Dr. Snyder's report as flawed due to Baran's misrepresentation of her literacy, because Snyder relied heavily upon Baran's subjective reports, and because the state, which had an incentive to shift people onto the federal welfare rolls, paid for the study.
 
 
 5
 Because the ALJ determined that Baran's impairments did not meet or equal a disability listing, and that Baran could perform a full range of medium work, he found Baran not disabled and denied the application on October 24, 1994. The Appeals Council affirmed the ALJ's decision on March 29, 1995. Upon review, the district court granted summary judgment for the Commissioner, and Baran timely appealed.
 
 ARGUMENT
 
 6
 The ALJ followed the traditional five-step analysis to determine whether Baran is disabled. The dispute here focuses on step 3 (whether claimant's medical impairments meets or equals the severity contemplated by the Commissioner's listing of impairments) and step 5 (whether Baran is suited for jobs in the national economy, taking into account her residual functional capacity, age, education, and work experience). Baran argues that the ALJ and the district court: 1) used the wrong legal standards in evaluating Baran's claims of pain and depression; 2) substituted their own judgment for medical conclusions; and 3) made several factual errors and omissions. Because we conclude that the ALJ's factual errors and omissions render the decision unreliable, we need not address Baran's first two arguments.
 
 
 7
 "When the decision of [the first-line] tribunal on matters of fact is unreliable because of serious mistakes or omissions, the reviewing court must reverse unless satisfied that no reasonable trier of fact could have come to a different conclusion, in which event a remand would be pointless." Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir.1996). Here, Baran identifies as error the ALJ's statements that Baran took no prescription painkillers; that her cane was not medically prescribed; that mental health reports were unreliable because they were based only upon Baran's "reported symptoms"; that Baran misrepresented her literacy to Dr. Snyder; and that Dr. Snyder's report was unworthy of credence because it was paid for by the state.[2]
 
 
 8
 "[W]e have repeatedly stated that an ALJ's credibility determination will not be disturbed unless it is patently wrong." Diaz v. Chater, 55 F.3d 300, 308 (7th Cir.1995). "However, when such determinations rest on objective factors or fundamental implausibilities rather than subjective considerations, appellate courts have greater freedom to review the ALJ's decision." Herron v. Shalala, 19 F.3d 329, 335 (7th Cir.1994).
 
 
 9
 Although the ALJ reviews Dr. Carpenter's reports as a whole, his factual findings are inconsistent with the record. Most notably, he states that Baran was prescribed neither painkillers nor a cane, when prescriptions for both appear in the record. Moreover, it appears that the ALJ disregarded Dr. Snyder's report for inaccurate reasons. For example, Baran's literacy level was objectively tested, not simply the result of her conversations with Dr. Snyder; in addition, there is no indication that the fact that the state paid for Dr. Snyder's examination unduly influenced the reported results.
 
 
 10
 In making his decision, the ALJ rejected Baran's claims of pain and exertional limitations and found that no objective medical evidence supported her assertions of severe depression. The ALJ's factual findings, however, are not supported in the record, and we cannot conclude, especially in light of the Commissioner's recent decision to find Baran disabled as of November 1, 1994,[3] that a reasonable trier of fact could not have found Baran disabled between January 13, 1992, and October 24, 1994. Thus, we VACATE the Commissioner's decision and REMAND for further proceedings.
 
 
 
 [1]
 Also, social workers are not considered acceptable medical sources, 20 C.F.R. § 416.913(a) & (e), though their opinions are relevant as additional evidence
 
 
 [2]
 Baran also claims that the ALJ ignored Baran's back problems, but the ALJ's opinion clearly discusses, but discounts, her claims of oesteoarthritis of the back
 
 
 [3]
 The government argues that this court cannot consider the Commissioner's subsequent decision because it was not before the ALJ at the time of the instant decision. We note, however, that we have the power, even the obligation, to take judicial notice of a subsequent administrative ruling that has an impact on the case before us. Opoka v. INS, 94 F.3d 392, 294 (7th Cir.1996)